UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JULIE C. SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00397-HAB-SLC |
| | ) | |
| CITY OF FORT WAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion filed on October 30, 2019, by *pro se* Plaintiff seeking an

order compelling Defendant to respond to her discovery requests pursuant to Federal Rule of

Civil Procedure 37. (ECF 36). Defendant filed its response on November 13, 2019 (ECF 39), to

which Plaintiff filed a reply on November 22, 2019 (ECF 41). The matter is thus ripe for ruling.

For the following reasons the Court DENIES Plaintiff's motion in part and GRANTS it in part.

### A. Factual and Procedural Background

Plaintiff, who is an African American woman, initiated this case on November 30, 2018,

alleging that Defendant discriminated against her because of her race and gender. (ECF 1). The

Court recognizes that there are disputes as to the facts giving rise to this action.[1] By way of

background though, Plaintiff's discrimination and retaliation claims arose from her termination

as Director of Citizen Service, responsible for the City of Fort Wayne's 311 call center. (ECF

20). More specifically, Plaintiff claims that while she was manager of the 311 call center,

Defendant mishandled an internal investigation prompted by an anonymous employee complaint

---

[1] In her reply, Plaintiff takes issue with Defendant's characterization of the factual background of this case and the
parties' attempts to resolve this discovery dispute. (*See* ECF 41 at 1-4). There is, however, no need to address the
merits of the case at this time.

made to the City Legal Department in 2016.  (*Id.*).  Plaintiff additionally claims that she was

subsequently subject to a hostile work environment, treated differently than similarly situated

white managers, and after additional employee complaints, improperly terminated in August

2017.  (*Id.*).

In terms of the present discovery dispute, Plaintiff identifies four separate categories of

proposed discovery which she seeks to compel.[2]  First, Plaintiff requests production of "[a] copy

of any and all discriminatory complaints based upon race, complaints of harassment, and any

complaints of unfair mistreatment made against" Kurt Roberts, Maggie Fiedler, Kelly Lumberg,

and Brad Baumgartner.  (ECF 27 at 8; ECF 28 at 2; ECF 36 at 2).  Second, Plaintiff, by way of

an interrogatory, requests statistical data showing "the number of Whites, African Americans,

and nonblacks and/ non whites [sic] working at the City of Fort Wayne in the following years:

2014, 2015, 2016, 2017."  (ECF 31 at 2; ECF 36 at 3).  Finally, Plaintiff requests "metadata from

ten days before and ten days after (and including) July 26, 2017" from a copier located in the call

center (ECF 29 at 2) and "[a] copy of the City's July 26, 2017 phone log with its subsequent

recorded calls" made by Plaintiff and various city employees involved in Plaintiff's termination

(ECF 30 at 2).  (ECF 36 at 3).  Defendant in response argues that:  (1) the requested documents

regarding complaints against other managers are irrelevant, or at least the requests are overbroad;

(2) the request regarding statistical data is irrelevant; and (3) no material responsive to the copier

and phone records requests still exists.  (ECF 39).

---

[2] In her motion, Plaintiff requests that the Court compel Defendant to "produce documents responsive to and/or answer completely Plaintiffs' [sic] Second, Third, Fourth and Fifth requests of [sic] production and Plaintiff[']s second requests [sic] for interrogatories . . ."  (ECF 36 at 1).  However, while Defendant raised objections to multiple discovery requests (*see* ECF 35), Plaintiff in her motion and her reply only raises arguments in support of compelling the discovery of the four categories identified here.  (ECF 36, 41).  Because Plaintiff has not raised any arguments in support of compelling any of her other requests over Defendant's objections, the Court will not consider them here.

## B.  Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers.  Fed. R. Civ. P. 37(a)(1).  The Court has "broad discretion in matters relating to discovery."  *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Relevance for purposes of discovery is construed broadly as "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002).  Moreover there "is a strong public policy in favor of disclosure of relevant materials . . . ."  *Patterson*, 281 F.3d at 681 (citing Fed. R. Civ. P. 26(b)(2)).  However, "relevance alone does not translate into automatic discoverability . . . . [a]n assessment of proportionality is essential."  *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).  Rule 26(b)(1) instructs the Court to determine proportionality, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The moving party generally bears the burden of proving that the discovery it is seeking is relevant to the case and proportional to the needs of the party.  *See Motorola*, 365 F. Supp. at 924 n.6; *United States v. Lake Cty. Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006) (citations omitted).  "The party opposing discovery has the burden of proving that the requested discovery should be disallowed."  *Bd. of Trs. of the Univ. of Illinois v. Micron*

*Tech., Inc.*, Case No. 2:11-cv-02288-SLD-JEH, 2016 WL 4132182, at \*3 (C.D. Ill. Aug. 3, 2016)

(collecting cases). In ruling on a motion to compel, the Court considers the relevance of the

discovery subject to the motion, and whether ordering the disclosure of the requested material

would cause undue burden to the opposing party under Rule 26(b)(2)(B) or be otherwise

disproportionate under Rule 26(b)(1). *See, e.g., Motorola*, 365 F. Supp. at 924; *Nucap Indus.*

*Inc. v. Robert Bosch LLC,* No. 15 CV 2207, 2017 WL 6059770, at \*2 (N.D. Ill. Dec. 7, 2017)

(citing *Patterson*, 281 F.3d at 681); *Berning v. UAW Local 209*, 242 F.R.D. 510, 514 (N.D. Ind.

2007).

## C. Analysis

### *1. Complaints Against Other City Employees*

As to Plaintiff's request for copies of "any and all discriminatory complaints" made

against Kurt Roberts, Maggie Fiedler, Kelly Lumberg, and Brad Baumgartner, Defendant

contends that such requests are overbroad as to subject matter and time. (ECF 39 at 6-8).

Regarding subject matter, Defendant argues that Plaintiff's request "could encompass an infinite

range of complaints from trivial to serious that may have nothing to do with the discriminatory

conduct [Plaintiff's] employees raised." (*Id*. at 7). As such, Defendant contends that Plaintiff's

request "represents a fishing expedition designed to capture a far wider variety of complaints

[than those raised against Plaintiff,] that would make a meaningful comparison to the facts of her

case impossible." (*Id.* (citing *Johnson v. Jung*, Nos. 02 C 5221, 04 C 6158, 2007 WL 1752608,

at \*1 (N.D. Ill. June 14, 2007))). Plaintiff, in her reply, contends the requested information

would show that Defendant treated her more harshly than similarly situated white managers who

had employee complaints raised against them. (ECF 41 at 5-6).

As an initial matter, Defendant's reliance on *Johnson* is misplaced. The plaintiff there—

claiming she was discriminated against on the basis of her race, ethnicity, and natural origin—

requested that the defendant "identify all internal and external (EEOC's) complaints but not

limited to sexual harassment." 2007 WL 1752608, at *1. While not clear from the opinion, the

plaintiff there appears to have been seeking evidence of other complaints to show a pattern of

discrimination by the defendant. *See id.* (citing *Davis v. Precoat Metals*, No. 01 C 5689, 2002

WL 1759828 (N.D. Ill. July 29, 2002) (granting a motion to compel discovery into

discrimination complaints made by employees similarly situated to the plaintiffs and on the same

grounds as those raised by the plaintiff)).

The documents sought here, though, are not meant to show that Defendant treated

Plaintiff similarly to other female or African American employees; but to show that she was

treated differently than white employees in similar circumstances. Plaintiff's argument is

essentially that the employee complaints raised against her were a pretext. The true reasons for

her treatment and eventual termination, she argues, were her race and gender. (ECF 41 at 6

("Receiving examples of those complaints will further prove that the Plaintiff was treated

unfairly, and ultimately terminated, solely because she was an African American female."); *see

also* ECF 20 at 4). In such cases, evidence of the treatment of similarly situated employees is

relevant to a Title VII claim. *See Coleman v. Donahoe*, 667 F.3d 835, 853 (7th Cir. 2012)

("Coleman's comparator evidence tends to show that her Postal Service managers did not

enforce this rule evenhandedly. This evidence of similarly situated co-workers is also relevant to

the pretext inquiry.").

Further, despite Defendant's contention that the discovery request "could encompass an

infinite range of complaints," Plaintiff limits her requests to complaints made on the grounds of

(1) racial discrimination, (2) harassment, and (3) unfair treatment. While these grounds may be expansive, they are sufficiently similar to the complaints allegedly raised against Plaintiff to allow for a meaningful comparison. *See id.* at 850 ("Comparators must have engaged in similar—not identical—conduct to qualify as similarly situated." (internal quotation marks and citation omitted)). As such, the Court finds that the requests for production as to the complaints against Kurt Roberts, Maggie Fiedler, Kelly Lumberg, and Brad Baumgartner are not overbroad as to subject matter.

The Court, however, agrees that Plaintiff's requests are overbroad as to their timeframes. As Plaintiff requests "all" complaints, her requests are boundless in terms of time. Defendant requests that the Court limit discovery to the period "during which the alleged conduct in this case occurred – 2016 and 2017." (ECF 39 at 8). Plaintiff, in turn, argues that she "chose to narrow and make the requests more specific in order to show that the Defendant has a history and pattern of racial discriminating as in the way that they have handled complaints made against Kurt Roberts versus the Plaintiff." (ECF 41 at 6). Because of these "narrow and specific" requests, Plaintiff seems to contend that her requests should not be further limited by time. The Court disagrees.

"With regard to temporal scope, discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a *reasonable number of years* both prior to and following such period." *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) (emphasis added). Further, courts within this circuit have often found five-year discovery periods reasonable. *See, e.g., Chavez*, 206 F.R.D at 622 (finding interrogatory seeking "all previous lawsuits, grievances or complaints . . . the last

five years" sufficiently limited in time); *Leibforth v. Belvidere Nat'l Bank*, No. 99 C 50381, 2001

WL 649596, *2 (N.D. Ill. 2001) (interrogatory responses limited to "five years preceding the

alleged discriminatory acts" were not overly burdensome). As such, Defendant is directed to

produce only such responsive documents generated from January 1, 2014, through January 1,

2019.

## 2. Statistical Information

Defendant next contends that Plaintiff's requested statistical information is irrelevant as

"statistics cannot be used to prove discrimination in an individual's [disparate treatment] case."

(ECF 39 at 9 (citing *Plair v. E.J. Branch & Sons, Inc.*, 105 F.3d 343, 349 (7th Cir. 1997); *Jordan*

*v. Evans,* No. 15 C 5907, 2019 WL 4278179 *5 (S.D. Ill. Sept. 9, 2019); *Johnston v. Amax Coal*

*Co.*, 963 F. Supp. 758, 767 (S.D. Ind. 1997))). Plaintiff, in her motion, states that statistical

information would show that the alleged "racial discrimination is systematic and further the

claim that the Plaintiff was working in a hostile environment." (ECF 36 at 3).

While Defendant is right that statistics alone cannot be used to prove discrimination in

disparate treatment cases, that does not necessarily mean statistics can never be relevant. As the

Seventh Circuit Court of Appeals has explained:

> While we have rejected efforts to use statistics as the primary means of
> establishing discrimination in disparate treatment situations, *see Plair v. E.J.*
> *Brach & Sons, Inc.*, 105 F.3d 343, 349 (7th Cir.1997), it can be utilized. "In
> conjunction with other evidence of disparate treatment, however, statistics can be
> probative of whether the alleged disparity is the result of discrimination." *Kidd v.*
> *Illinois State Police*, 167 F.3d 1084, 1101 n.16 (7th Cir.1999) (citing [*McDonnell*
> *Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973)]).

*Bell v. E.P.A.*, 232 F.3d 546, 552-53 (7th Cir. 2000); *see also Guerrero v. Ashcroft*, 253 F.3d

309, 315 (7th Cir. 2001) ("We have found statistical evidence to be admissible and helpful in

disparate treatment cases, yet statistical evidence alone does not, in most cases prove pretext.").

However, Plaintiff fails to show how the statistics she seeks here are "relevant" in the sense that they bear on a material issue in the case or may reasonably lead to the discovery of such information. Again, Plaintiff is raising disparate treatment, retaliation, and hostile workplace claims. Plaintiff's claim in her motion that the statistical information would "further" her claim that she was subject to a hostile work environment is insufficient. "In seeking to establish the existence of a hostile work environment, [the] plaintiff[] must show that [her] work environment was both objectively and subjectively offensive—that is, 'one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Anderson v. Office of Chief Judge of Circuit Court of Cook Cty., Illinois*, 66 F. Supp. 3d 1054, 1065 (N.D. Ill. 2014) (alterations in original) (quoting *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 647 (7th Cir. 2011)). It hard to see how mere statistical evidence of "the number of Whites, African Americans, and nonblacks and/ non whites [sic] working at the City of Fort Wayne" tends to prove or disprove any of any of Plaintiff's claims, let alone her hostile workplace claim. It is similarly unclear how these numbers alone would lead to the discovery of further relevant information. Plaintiff has thus failed to sustain her burden of establishing the relevance of this request.

### 3. Recorded Phone Calls and Copier Metadata

Lastly, Plaintiff requests copies of recorded July 26, 2017, phone calls and phone logs and metadata from a copier located at the 311 call center. Defendant, however, claims that no responsive material as to the copier request currently exists because the copier in question only retains metadata for six days. (ECF 35 at 5). Defendant further contends that phone calls Plaintiff identifies would not have been recorded, and that phone logs are only maintained for four hundred days. (*Id.* at 6). Plaintiff, however, seemingly believes that Defendant is lying

8

about the material's existence, pointing in part to a print out of the copier's "printer job history." (ECF 41 at 26). Besides asserting that Defendant records all phone calls, Plaintiff offers no other evidence that Defendant does in fact record and maintain phone records. (*See* ECF 36 at 3; ECF 41 at 5).

Pursuant to Federal Rule 34(a), a party may only request production of items within the "responding party's possession, custody, or control." A party, however, "need not produce documents or tangible things that are not in existence . . . ." *Hagermeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004). If the responding party asserts that nothing responsive to the request exists, the requesting party must make an adequate showing to overcome that assertion. *Id.* at 598-599. Here, Plaintiff's mere assertion that Defendant records phone calls, without more, is insufficient. Further, Plaintiff offers no other response to Defendant's claim that phone logs are only maintained four hundred days. Finally, the mere fact that Plaintiff was able to print the copier's job history from the day in question does not suggest that such metadata still exists. As such, there is nothing currently in the record suggesting that Defendant has been evasive or that the requested material is actually in its possession, custody, or control.

Nevertheless, in an abundance of caution, Defendant is ordered to file an affidavit or declaration signed by the City Attorney, or other suitable in-house agent with authority, (1) stating that after diligent search, it has no responsive material in its "possession, custody, or control," *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04-cv-477, 2007 WL 1164970, at *5 (N.D. Ind. Apr. 18, 2007); and (2) describing, with particularity, its efforts to locate any responsive material, *Traveler v. CSX Transp.*, Inc., No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007).

### D.  Conclusion

In conclusion, Plaintiff may seek discovery as to complaints made against her proposed

comparators in support of her disparate treatment claim to the extent that such complaints were

made within a reasonable time period.  As such Plaintiff's motion to compel (ECF 39) as to her

requests for copies of complaints made against Kurt Roberts, Maggie Fiedler, Kelly Lumberg,

and Brad Baumgartner is GRANTED in part.  Defendant is ORDERED to produce responsive

documents generated from 2014 through 2019.  Plaintiff, however, has failed to sustain her

burden of showing that the statistical evidence she requests is relevant or to overcome

Defendant's claim that the phone or copier material she seeks does not exist.  As such, her

motion to compel (ECF 39) as to these requests is DENIED.  Defendant, however, is ORDERED

to file a signed affidavit or declaration, as described herein, stating that no responsive materials

as to the phone and copier requests exists and detailing the attempts made to locate any such

material.  Defendant is afforded to and including December 23, 2019, to comply with this Order.

SO ORDERED.

Entered this 9th day of December 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge